### Mack Massey v. The State.

#### No. 7560.     Decided June 13, 1923.

**Burglary—Juvenile—Practice in Trial Court.**

In the absence of evidence in the record on appeal, except that contained in the bill of exceptions as to defendant's mother's testimony, the court is not able to determine defendant's objection and the court's action in overruling the motion for a continuance, and in the absence of any abuse of discretion on the part of the judge in overruling his plea of juvenility, the judgment below must be affirmed.

Appeal from the District Court of Henderson. Tried below before the Honorable W. R. Bishop.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited, Robertson v. State, 243 S. W. Rep., 1098.

MORROW, Presiding Judge.—The offense is burglary; punishment fixed at confinement in the penitentiary for a period of two years.

According to the State's testimony, appellant broke into the house of Neal Allen and took from his cash drawer the sum of ten dollars. Upon his arrest, appellant admitted to the sheriff that he had gotten the money and told him where it could be found. Following the di-

rections given by the appellant, the sheriff obtained the money. There was other evidence that the appellant was seen about the premises a short time before the offense was committed, and also immediately afterwards, going in the direction of the point at which the money was found.

Preliminary to the trial, an affidavit was presented averring that the appellant was under the age of seventeen years. The trial judge heard evidence upon this issue and decided it against the appellant. The evidence before him is not revealed by the record xcept it is shown in the bill of exceptions that appellant's mother had, in an affidavit made to the school census trustee, given the date of his (appellant's) birth at a time which would show him to be between · sixteen and seventeen years of age at the time of the trial.

The privilege of withdrawing his announcement of ready for trial was sought to secure the testimony of Henry Massey, Jr., who resided in a nearby town. According to the averments in the motion, an application had been made for the issuance of a subpœna for Henry Massey, Jr., who lived in Kerens. In obedience to the subpœna, Henry Massey appeared, but he was not the witness desired. Henry Massey, Jr., was an uncle of the appellant and the proof expected was that he knew the appellant's age to be under seventeen years. Unless we were made aware of all the facts that were before the trial judge at the time he passed upon appellant's application to be tried as a juvenile, we would not be able to determine that in overruling the motion, the court abused its discretion. It is not made to appear that the attendance of the absent witness might not have been secured during the trial. From the bill of exceptions, it is not shown that any effort was made to secure the attendance of the witness. The probable truth of the absent testimony or the probability that the witness would give it was primarily a matter to be determined by the trial judge. In view of what is shown in the bill, namely: that the testimony would be in conflict with the affidavit of the mother of the appellant, we are not prepared to say that the trial judge abused his discretion in overruling the motion. Particularly is this true inasmuch as the motion for new trial is supported by no affidavit of the absent witness, who was an uncle of the appellant; nor is there given in the bill any reason for the absence of such affidavit. It may be added that as shown by the statement of facts, appellant presented no .defense; nor does it in any manner appear that he has a defense. If at this time his case was reversed, he, having reached the age of seventeen years, could not be tried as a juvenile.

The judgment is affirmed.

*Affirmed.*